Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| OMAR SÁNCHEZ MOLINA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00322 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>CDO-133-2026<br><br>Sobre:<br>Solicitud de Servicio Área Socio Penal |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

El 15 de junio de 2026, compareció ante este Tribunal de Apelaciones, el señor Omar Sánchez Molina (en adelante, señor Sánchez Molina o parte recurrente), por derecho propio, o *In Forma Pauperis*, mediante recurso de revisión judicial.[2] Por medio de este, nos solicita que revisemos la *Resolución* emitida el 29 de mayo de 2026 y notificada el 1ro de junio de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, parte recurrida).

Mediante la presente *Sentencia*, declaramos Ha Lugar la petición para litigar como indigente (*in forma pauperis*).

Por los fundamentos que adelante se esbozan, se *confirma* la *Resolución* recurrida.

---

[1] DJ 2025-063C, 26 de mayo de 2026.
[2] Conforme surge del escrito, el mismo fue suscrito por el señor Sánchez Molina el 9 de junio de 2026, por lo cual, damos por presentado el recurso en dicha fecha.

**I**

Según surge del expediente, el 22 de abril de 2026, el señor Sánchez Molina presentó la *Solicitud de Remedio Administrativo* número CDO-133-2026. Por medio de esta, indicó que se encontraba recluido en la Institución Correccional ubicada en el Municipio de Mayagüez. La parte recurrente explicó que, fue referido para el Programa de Reinserción a la Libre Comunidad, pero que su solicitud fue sometida a evaluación hace aproximadamente dos años sin novedad alguna. De acuerdo con la solicitud, el señor Sánchez Molina previamente presentó una solicitud de remedio el 12 de enero de 2026, de la cual recibió respuesta el 23 de enero de 2026. Más adelante, la parte recurrente presentó reconsideración respecto a la aludida respuesta. Esta fue contestada mediante *Resolución*, donde alega que la parte recurrida le indicó que debía esperar a ser evaluado por el Comité de Víctimas y otros trámites. En la *Solicitud de Remedio Administrativo* número CDO-133-2026, la parte recurrente sostuvo que, le interesaba conocer el estado de la evaluación.

El 22 de abril de 2026, la División de Remedios Administrativos emitió la *Respuesta al Miembro de la Población Correccional*. En virtud de esta desestimó la *Solicitud de Remedio Administrativo* número CDO-133-2026 al amparo de la Regla XX1 Sección 5 del Reglamento Núm. 8583, *infra*, bajo el siguiente fundamento:

> D. Solicitud de remedio radicada más de una vez sobre el mismo asunto.
>
> Se le orienta, Sr. Sánchez Molina, usted ya radicó la solicitud ISCH-43-2025 sobre este mismo asunto, así como una reconsideración ante la Coordinadora de la División, Sra. Damaris Robles Domínguez, cuya resolución recibió el 9 de abril de 2026.
>
> Por lo tanto, se le informa que su reclamo ya fue adjudicado mediante el proceso de reconsideración y se encuentra actualmente en trámite. Se le

recomienda mantener comunicación constante con su técnico socio-penal para el seguimiento de la evaluación.

En desacuerdo, la parte recurrente presentó *Solicitud de Reconsideración*. Esta fue acogida por la parte recurrida mediante *Respuesta de Reconsideración al Miembro de la Población Correccional*.

Finalmente, la División de Remedios Administrativos emitió la *Resolución* cuya revisión nos atiene. Conforme a esta, el ente recurrido esbozó las siguientes determinaciones de hechos:

1. El 16 de abril de 2026, el recurrente radicó una solicitud de remedio administrativo, [e]n su escrito expone una [sic] que se encuentra en custodia mínima y solicitando el programa de reinserción a la libre comunidad.

2. El 22 de abril de 2026, la Sra. Edith Ramírez Alvares Evaluadora del área de remedios administrativos de la oficina local de Mayagüez, recibe, enumera, codifica y firma el recibo de la solicitud de Remedio Administrativo. Desestimando la misma x-24.

3. El 5 de mayo de 2026, el recurrente recibe respuesta, [p]or parte de la evaluadora; Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, aprobado el 4 de mayo de 2025 Desestimada por REGLA XIII Sección (5) El evaluador tiene la facultad para desestimar la siguiente solicitud (D) SOLICITUD DE REMEDIO RADICADA M[Á]S DE UNA VEZ SOBRE EL MISMO ASUNTO.

4. El 14 de mayo de 2026 el recurrente inconforme con la respuesta emitida presentó solicitud de Reconsideración ante la coordinadora regional de remedios administrativos, indicando "que no está conforme con la respuesta emitida por la evaluadora, ya que no resuelven su problema["].

5. Recibida la Solicitud de Reconsideración y acogida por la Coordinadora Regional, Melissa Ruiz Sep[ú]lveda, el 29 de mayo de 2026.

En la *Resolución,* la parte recurrida explicó lo siguiente:

Respecto a la solicitud de reconsideración del recurrente, se le orienta al respecto que, podemos entender su inquietud al respecto a lo expuesto en su reconsideración[.] Primero, se le desestimó porque no había pasado un mes en recibir toda la información correspondiente a su solicitud e ingresa al Centro

Detención del Oeste, en Mayagüez, esperando que cambiara o tuviera alguna otra respuesta con relación a lo antes expuesto del número de caso ICSH-43-26, lamentablemente no es así.

El recurrente fue visto en comité de clasificación y tratamiento el 31 de enero de 2024, para el referido al programa de reinserción comunitaria su social para ese momento lo envió a los programas de desvi[o] y comunitarios. Para evaluación u otros trámites.

Actualmente no se encuentra en lista para el Programa de Reinserción Comunitaria. Conforme a su técnico socio penal Luis Negrón, este indicó que usted estuvo en entrevista de seguimiento el 30 de abril de 2026, donde realizaron varias llamadas a diferentes lugares, para darle seguimiento a su caso. Se le recomienda al recurrente que continúe con sus buenos ajustes y debe de esperar a alguna información que le pueda llegar al recurrente o su socio penal.
[…]

Por último, la División de Remedios Administrativos determinó confirmar y ampliar la respuesta recibida.

Aun en desacuerdo, la parte recurrente presentó el recurso de epígrafe, donde esbozó el siguiente señalamiento de error:

El Departamento de Corrección y Rehabilitación erró en el proceso investigativo, dando determinación irrazonable atrasando mi derecho a la rehabilitación violentando la Sección 19 del Art. VI de la Constitución de Puerto Rico.

Por no ser necesaria la comparecencia de la parte recurrida, prescindimos de la misma, de conformidad con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[3] y estamos en posición de resolver.

**II**

### A. *Estándar de Revisión Judicial de Determinaciones Administrativas*

De ordinario los tribunales apelativos debemos otorgar deferencia y respeto a las conclusiones e interpretaciones hechas por las agencias administrativas.[4] *Katiria's Café v. Mun. de San*

---

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf
[4] *Rolón Martínez v. Supte. Policía*, 201 DPR 26,35 (2018); *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016).

*Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Vázquez et al. v. DACo,* 2025 TSPR 56, 216 DPR ___ (2025); *OEG v. Martínez Giraud,* 210 DPR 79 (2022); *Pérez López v. Depto. Corrección,* 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019). No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.  De igual manera, la más Alta Curia ha expresado que, la consideración otorgada por los tribunales no equivale a una renuncia de nuestra función revisora. *Vázquez v. Consejo de Titulares,* supra.

En *Torres Rivera v. Policía de Puerto Rico,* supra, pág. 628, nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales.[5]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.  *Katiria's Café v. Mun. de San Juan,* supra; *OEG v. Martínez Giraud,* supra, pág. 89; *Super Asphalt v. AFI y otros,* supra, pág. 820.[6] Bajo este criterio, se debe dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un

---

[5] Véase *Super Asphalt v. AFI y otros,* supra, págs. 819-820.
[6] *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág. 127; *Torres Rivera v. Policía de PR,* supra, pág. 626.

abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otros*, supra, pág. 819-820.[7]

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Katiria's Café v. Mun. de San Juan*, supra; *OEG v. Martínez Giraud*, supra, pág. 90*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675.

Las determinaciones de hechos contenidas en las decisiones de las agencias, *podrán* ser sostenidas por el tribunal cuando estén basadas en evidencia sustancial que obra en el expediente administrativo. Mientras que, conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675; *Vázquez et al. v. DACo, supra*; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otros,* supra, pág. 819-820.

Los foros revisores podrán apoyarse en las interpretaciones de las agencias. Sin embargo, dichas interpretaciones "constituyen un acervo de experiencias y criterios informados a los cuales los tribunales y los litigantes bien podrán recurrir a modo de guía" y no

---

[7] *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.

avalar irreflexivamente, como se hacía en el pasado. *Vázquez et al. v. DACo, supra.* En casos administrativos el tribunal deberá realizar su tarea con un "*body of experience and informed judgment*" de la agencia, entre otra información a su disposición. *Íd.* De igual manera, los tribunales deberán ejercer un juicio independiente al decidir si una agencia ha actuado dentro del marco de sus facultades estatutarias. *Íd.*

### B. Reglamento Núm. 8583

Conforme a las disposiciones contenidas en la LPAU y acorde con el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, el cual establece las facultades del Departamento de Corrección y Rehabilitación, se creó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 3 de junio de 2015 (Reglamento Núm. 8583). Además, este fue promulgado al amparo de la ley federal conocida como *Civil Rights of Institutionalized Person Act,* con el fin de canalizar de forma efectiva los reclamos de la población correccional. *Pérez López v. Depto. Corrección*, supra, pág. 670.

El objetivo principal del referido esquema legal es que, toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección y Rehabilitación. Asimismo, este tiene como objetivo el evitar y reducir la presentación de pleitos en los tribunales de instancia. Véase, Introducción del Reglamento Núm. 8583, *supra*; *Pérez López v. Depto. Corrección*, supra, pág. 670. En específico, la Regla VI del Reglamento Núm. 8583, dispone que la División de Remedios Administrativos, tendrá jurisdicción para atender toda solicitud de remedio

presentada por los miembros de la población correccional, relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional, entre otras. *Pérez López v. Depto. Corrección*, supra, pág. 670.

Por otro lado, la Regla XIII, Sección 5, del Reglamento 8583, *supra*, dispone que el Evaluador tiene la facultad para desestimar las solicitudes de los miembros de la población correccional cuando se dan una serie de circunstancias, como haber radicado la solicitud de remedio más de una vez sobre el mismo asunto.

Finalmente, el Reglamento 8583, *supra*, dispone que, el Tribunal de Apelaciones podrá realizar la revisión judicial de las solicitudes de remedios administrativos instadas por los miembros de la población correccional. *Pérez López v. Depto. Corrección*, supra, pág. 671. En lo pertinente, dispone lo siguiente:

1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma.

2. [...][8]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su único señalamiento de error, la parte recurrente sostiene que incidió la División de Remedios administrativos al emitir determinación irrazonable, que conllevó a un atraso a su

---

[8] Regla XV del Reglamento Núm. 8583, *supra*.

derecho a la rehabilitación y que violenta la Sección 19 del Art. VI de la Constitución de Puerto Rico.

Le adelantamos que, no le asiste la razón. Veamos.

De acuerdo con el expediente, el señor Sánchez Molina, presentó el 9 de enero de 2026 una *Solicitud de Remedio Administrativo* Núm. ICSH-43-26, donde inquirió sobre una solicitud del Programa de Reinserción Comunitaria. En ese entonces, la parte recurrida emitió respuesta y posteriormente la parte recurrente solicitó reconsideración. En la *Resolución* sobre la reconsideración, la parte recurrida confirmó y modificó la respuesta, y determinó que el señor Sánchez Molina debía esperar que su caso fuese evaluado por el Comité de Víctimas y/u otro trámite autorizado por el Secretario del Departamento de Corrección.

Así las cosas, el 22 de abril de 2026, el señor Sánchez Molina presentó *Solicitud de Remedio Administrativo* núm. CDO-133-2026, donde nuevamente inquirió sobre el proceso del Programa de Reinserción Comunitaria. La parte recurrida emitió la *Respuesta al Miembro de la Población Correccional,* en la que desestimó la solicitud de remedio instada por el recurrente. Dicha desestimación fue conforme a la Regla XXI, Sección 5 del Reglamento Núm. 8583, *supra,* que permite la desestimación de una solicitud de remedio cuando esta a sido radicada más de una vez sobre el mismo asunto.

En desacuerdo, la parte recurrente presentó reconsideración, la cual fue resuelta mediante la *Resolución* cuya revisión nos compete. Por medio de la *Resolución,* la División de Remedios Administrativos confirmó y amplió la *Respuesta al Miembro de la Población Correccional.*

Al examinar el expediente, somos del criterio que, la parte recurrente no nos colocó en posición de variar la decisión del ente administrativo. Ante la ausencia de una actuación arbitraria, ilegal, irrazonable o que constituya un abuso de discreción por parte de la

agencia administrativa, razonamos que resulta innecesario que intervengamos con su determinación.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones